**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 28, 2025.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SUSHI ZUSHI OF TEXAS, LLC | § § | Case No. 24-51147 |
| SUSHI ZUSHI OF STONE OAK, LLC | § § | Case No. 24-51373 |
| SUSHI ZUSHI OF LINCOLN HEIGHTS, LLC | § § § | Case No. 24-51372 |
| SUSHI ZUSHI OF COLONNADE, LLC | § § § | Case No. 24-51371 |
| | § § | SubChapter V
Jointly Administered under Case No. 24-51147 |

**ORDER CONFIRMING DEBTOR SUSHI ZUSHI OF TEXAS, LLC'S
PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(b)**

On March 17, 2025, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the Plan of Reorganization for a Small Business under Subchapter V of Chapter

1

11 (the "Plan")[1] filed herein by Sushi Zushi of Texas, LLC (the "Debtor") on January 20, 2025, (Docket No. 189). Present or making appearances at the hearing were counsel for the Debtor, the Debtor's representative, Jason Kemp, the Subchapter V Trustee appointed in the case (hereinafter "Sub V Trustee"), counsel for certain creditors who have entered an appearance in the case, and Erin Coughlin as counsel for the United States Trustee. The Court has reviewed the Plan, considered the documents admitted into evidence and the testimony of witnesses present at the hearing, considered the statements and arguments of counsel, the docket of the Bankruptcy Case, and considered any other relevant factors affecting the case as set forth on the record.

**Based upon the foregoing, the Court finds and determines as follows:**

A.      The Debtor filed this case on June 20, 2025, (the "Petition Date"), and was qualified to be a Debtor under 11 U.S.C. § 109. The Debtor was also qualified and elected to proceed as a small business debtor under Subchapter V of the Bankruptcy Code as that term is defined by 11 U.S.C. § 1182(1).

B.      This Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Western District of Texas was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

C.      Every person or entity required to receive notice of the hearing on confirmation of the Plan, as well as the Plan voting and Plan objection deadlines set by the Court, received timely and adequate notice as required by the Federal Rules of Bankruptcy Procedure ("Bankruptcy

---

[1] Capitalized terms used herein without definition shall have the meanings provided for in the Plan. In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

Rules") 2002 and 9014 and the Bankruptcy Code.

D. The contents of the Plan (with any modifications as set forth below) satisfy the applicable requirements of 11 U.S.C. § 1190 and any other applicable requirements of the Bankruptcy Code.

E. The Plan (with any modifications as set forth below) and the Debtor have satisfied all applicable requirements for confirmation of the Plan under 11 U.S.C. § 1129(a), except for 11 U.S.C. § 1129(a)(8) and/or 1129(a)(10). Thus, the Plan cannot be confirmed under 11 U.S.C. § 1191(a). However, the Plan can and should be confirmed under 11 U.S.C. § 1191(b), as the Plan (with any modifications as set forth below) does not discriminate unfairly and is fair and equitable with respect to each impaired class of claims and interests that have not accepted the Plan as required by 11 U.S.C. § 1191(c).

F. The Plan (with any modifications as set forth below) and the Debtor have satisfied all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Plan.

G. The Court specifically finds that there is cause under 11 U.S.C. § 1194(b) for the Debtor to serve as the Disbursing Agent under the Plan.

H. At the hearing, Debtor provided evidence that the following creditors filed UCC financing statements claiming liens over Debtor's tangible and intangible assets and claims in one or more of the jointly administered bankruptcy cases:

    a. Prosperum Capital Partners, LLC
    b. WebBank
    c. 1st Alliance Group, LLC
    d. EBF Holdings, LLC
    e. Fundamental Capital LLC, DBA Nexi (Collectively the "Junior Creditors").

I. Debtor further provided evidence that all of the aforementioned Junior Creditors

filed their liens after Gulf Coast Bank and Trust ("Gulf Coast") UCC lien and that the Gulf Coast UCC lien filing was still in effect. Further Gulf Coast filed a proof of claim with the Court in the amount of $894,042.39 and that this amount appeared correct pursuant to the Debtor's records. Finally, Debtor provided evidence that upon sale of Debtor's assets, there would be insufficient funds to pay the entire Gulf Coast lien; hence, the Junior Liens are completely unsecured.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AS FOLLOWS:**

1. The Plan of Reorganization for a Small Business under Subchapter V of Chapter 11 filed by the Debtor on January 20, 2025 (Docket No. 189) and attached hereto as **Exhibit A**, is hereby **CONFIRMED** and approved in each and every respect as a nonconsensual plan pursuant to 11 U.S.C. § 1191(b), with the modifications set forth below. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

2. To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby denied.

3. The effective date of the Plan shall be April 15, 2025 ("Effective Date"), notwithstanding anything to the contrary in the Plan

4. In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

5. Within three (3) days after the Effective Date, the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

6. The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are, as of the Effective Date, effective and binding on the Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, or other persons claiming through them. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

7. The Debtor shall make the payments to creditors required by the Plan under 11 U.S.C. § 1194(b). The Debtor shall make all required plan payments pursuant to the terms of the Plan. If the Debtor fails to make all required plan payments by the deadlines provided in the Plan, the default provisions in the Plan shall apply.

8. The Debtor shall file a report six (6) months after the Effective Date and every six (6) months thereafter detailing payments and disbursements made under the Plan.

9. Except as otherwise provided in the Plan, no distributions will be made with respect to a disputed claim until the resolution of such dispute by settlement or final order. The provisions of this section are not intended to restrict payment of any allowed claims which are not disputed. Until a disputed claim is resolved, the Debtor shall hold any portion of plan payments that would be disbursed to the claimant if the claim were allowed in full, subject to a final resolution of the disputed claim. Upon resolution in favor of the allowed claim, the Debtor will distribute withheld funds to the claimant within the next payment period. If the disputed claim is disallowed, the

Debtor will make withheld funds available to allowed claim holders in accordance with the terms of the Plan within the next payment period.

10. Disbursements may be delivered by the Debtor to (i) the address for payment set forth on a proof of claim filed by the claimant or its authorized agent; or (ii) at the address set forth in any written notices of change of address delivered to the Disbursing Agent. If any distribution to a claimant of an allowed unsecured claim is returned to the Debtor as undeliverable, no further distributions shall be made to such claimant unless and until the Debtor is notified in writing of such claimant's correct mailing address, at which time all currently due distributions shall be made to such claimant as soon as practicable. Undeliverable distributions shall remain in the possession of the Debtor until such time as a distribution becomes deliverable and shall not be supplemented with any interest, dividends, or other accruals of any kind. If, despite reasonable effort, the Debtor is unable to obtain the information necessary to deliver a distribution within six (6) months following the return of the undeliverable distribution, the Debtor shall deposit the amount with the Clerk of the Court in accordance with 11 U.S.C. § 347(a).

11. The Trustee shall file all reports required by 11 U.S.C. §§ 1183(b)(1) and 704(a)(9) in the manner prescribed by the United States Trustee Program. Upon the completion of the Plan, the Trustee shall file their final report and seek a discharge of their duties as Trustee.

12. The Trustee shall be compensated for their post-confirmation duties at their approved hourly rate. The Trustee may file a notice setting forth post-confirmation fees and expenses on a quarterly basis with the Court. All parties in interest will have fourteen (14) days after the notice is filed to object to the Trustee fees and expenses disclosed therein. If no objection is received, the Debtor shall pay the Trustee without further order of the Court.

13. The Trustee shall file a post-confirmation final fee application within ninety (90) days of the notice of completion of plan payments. The final fee application shall include all compensation received and disclosed in the quarterly post-confirmation notices filed with the Court.

14. The Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

15. Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in accordance with the terms of the Plan, evaluate and determine whether to pursue any such retained claims.

16. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known mailing address.

17. Pursuant to 11 U.S.C. § 1192, within thirty (30) days of the filing of the Successor Sub V Trustee's NDR or TFR, the Debtor shall file a motion for entry of the discharge order. In

the motion for entry of discharge, the debtor shall certify that (1) all payments required under the confirmed plan have been made, (2) all administrative expenses, including the approved fees and expenses of the Successor Subchapter V Trustee have been paid in full, and (3) that the Debtor is entitled to entry of discharge.

18. The Debtor and all holders of Claims and Interests are bound by the Plan within the meaning of 11 U.S.C. § 1141.

19. The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

20. All property of the estate shall remain vested in the estate until the Debtor completes all the payments under the Plan and a discharge is entered herein. In addition, property of the estate shall include all property identified in 11 U.S.C. § 1186.

21. This Confirmation Order is a final order and effective and enforceable immediately upon entry and the period in which an appeal must be filed shall commence upon the entry hereof.

22. The following Nonmaterial Plan Modifications are hereby approved:

   a. Notwithstanding sections 13.01.01 and 13.01.02 of the Plan, administrative claims, claims under Section 506 of the Code and claims for professional fees shall be filed and served within 30 days of the Effective Date and objections to these claims shall be filed and served within 21 days of the claim filing dates. The United States Trustee retains the right to review and object as necessary to all interim and final fee applications filed by professionals for the Debtors, including propriety of the allocation of professional fees among Debtors.

b. The Plan provides for formation of a litigation trust and a litigation trustee on the Effective Date if the Member Litigation in adversaries 24-5055 and 24-5054 have not been resolved. Notwithstanding these terms in Section 6.06 of the Plan, the parties in the Member Litigation have until March 26, 2025, to file a motion to approve a settlement in the Member Litigation pursuant to Bankruptcy Rule 9019 ("Rule 9019 motion") and a proposed litigation trust document in the event the Rule 9019 motion is not approved. The Rule 9019 motion shall be heard at the status conference for the Member Litigation in Adversary cases 24-5055 and 24-5054 currently set for April 7, 2025, at 2:00 pm. The Debtor shall be responsible for sending notice of the hearing on the Rule 9019 motion at the same time as its filing of the Rule 9019 motion. The Court shall determine at the Rule 9019 motion hearing whether the litigation trust should be formed and the trustee appointed. If the Member Litigation parties do not timely file the Rule 9019 motion, the Debtor shall still file the proposed litigation trust document no later than March 26, 2025, and the Court shall enter appropriate orders regarding the litigation trustee and trustee at the April 7, 2025, status conference.

c. To the extent the Junior Creditor's liens established by UCC filings are not extinguished pursuant to 11 U.S.C. § 1141, they are extinguished pursuant to 11 U.S.C. § 506, and this order may be filed in the UCC records to evidence the removal of the Junior Creditor liens.

d. In regard to Texas state tax claims the following shall apply:

Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of the Comptroller of Public Accounts (the "Comptroller") and Texas Workforce Commission (the "TWC", collectively with the Comptroller, the "State Taxing Authorities"): (1) nothing provided in the Plan or Confirmation Order shall affect or impair any statutory or common law setoff rights of the State Taxing Authorities in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the State Taxing Authorities to pursue any non-debtor third parties for tax debts or claims, and the State Taxing Authorities specifically opt out of any third party releases, if any; (3) nothing provided in the Plan or Confirmation Order shall be construed to preclude the payment of interest on the State Taxing Authorities administrative expense tax claims; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the State Taxing Authorities, the interest rate shall be the statutory interest rate, currently 8.5% per annum; and (5) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and the State Taxing Authorities may amend their claims at any point. The State Taxing Authorities shall not be required to file any proof of claim, motion, or request for payment in order to be paid any Administrative Claims for taxes that arise or have arisen in the ordinary course of the Debtor's business, including all post-petition taxes incurred by the Debtor after the Petition Date. All Administrative Claims owed to the State Taxing Authorities shall be paid in full with applicable interest through the date payment is made on or before the Effective Date, or as otherwise agreed by the State Taxing Authorities, whichever is the respective agency claimant for such Administrative Claim.

In particular, by agreement with the Comptroller, the Debtor(s) must pay all postpetition taxes owed at the time of Confirmation by the later of the Effective Date or April 7, 2025. Failure to do so will result in a default by the Debtor(s) and the Comptroller may immediately seek to address the default without the necessity of providing written notice as required in the paragraph below. If any Administrative Claim (other than the postpetition taxes described earlier in this paragraph) owed to the State Taxing Authorities is not due on the Effective Date, then such Administrative Claim shall be paid in the ordinary course of business in accordance with applicable law.

All allowed priority tax claims owed to the State Taxing Authorities shall be paid in full either (1) within thirty days of the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty (60) months of the Debtor's bankruptcy petition date; or (3) as otherwise agreed to by the State Taxing Authorities, whichever is the relevant agency to the claim at issue. The State Taxing Authorities' priority tax claims shall accrue interest at the statutory rate of interest, currently 8.5% per annum, from the Plan's Effective Date until paid in full. The penalty portions of the State Taxing Authorities' claims shall be treated as unsecured claims.

A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within ten (10) days after service of a written notice of default served by first class mail upon the reorganized Debtor at its address for notice, and upon Debtor's attorney via email or via First Class mail at: The Smeberg Law Firm, PLLC, 4 Imperial Oaks, San Antonio, Texas 78248, Attn: Ron Smeberg, Esq., then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured. The State Taxing Authorities preserves all available bankruptcy and state law remedies, if any, in the event of default of payment on claims as laid out herein above.

# # #